Cite as 2020 Ark. 129

# SUPREME COURT OF ARKANSAS

No. CV–20–136

| | |
|---|---|
| | **Opinion Delivered:** April 2, 2020 |
| ARKANSANS FOR HEALTHY EYES, A BALLOT QUESTION COMMITTEE; VICKI FARMER, INDIVIDUALLY AND ON BEHALF OF ARKANSANS FOR HEALTHY EYES<br>PETITIONERS | AN ORIGINAL ACTION |
| V. | |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF THE STATE OF ARKANSAS<br>RESPONDENT | |
| SAFE SURGERY ARKANSAS, A BALLOT QUESTION COMMITTEE; AND LAURIE BARBER, M.D., INDIVIDUALLY AND ON BEHALF OF SAFE SURGERY ARKANSAS<br>INTERVENORS | <u>SPECIAL MASTER APPOINTED; MOTION TO INTERVENE GRANTED</u>. |

**PER CURIAM**

Respondent, John Thurston, Arkansas Secretary of State, certified a statewide initiative ballot petition with the popular name "An Act to Amend the Definition of 'Practice of Optometry'" to be placed on the November 3, 2020 general-election ballot. On February 28, 2020, petitioners, Arkansans for Healthy Eyes, a ballot-question committee, and Vicki Farmer, individually and on behalf of Arkansans for Healthy Eyes, filed an original

action in this court, pursuant to article 5, section 1 of the Arkansas Constitution, challenging the proposed ballot petition. Respondent filed a response to the original-action petition. Safe Surgery Arkansas (SSA), a ballot-question committee and sponsor of the proposed ballot petition, and Laurie Barber, M.D., individually and on behalf of SSA, have filed an unopposed motion to intervene pursuant to Arkansas Rule of Civil Procedure 24 (2019).

In their original action, petitioners allege four counts, seek to enjoin respondent from placing the measure on the ballot, and seek a declaration that Act 579 of 2019 remains in effect. Specifically, petitioners assert that the ballot title and popular name are invalid (Count I); SSA's alleged fraud invalidates the petition (Count II); SSA failed to comply with mandatory paid-canvasser and petition requirements (Count III); and SSA failed to submit the requisite number of valid signatures (Count IV).

As an initial matter, we grant the motion to intervene. Further, in the interest of judicial economy, we bifurcate the proceedings, and we set separate briefing schedules below. Count I alleges certain defects in the popular name and ballot title of the proposed petition, and briefing may commence immediately. In contrast, Counts II through IV raise issues of fact. Arkansas Supreme Court Rule 6-5(c) (2019) provides that evidence on issues of fact will be taken by a special master to be appointed by this court. We appoint the Honorable Mark Hewett as special master and direct him to conduct such proceedings and hearings subject to, and in accordance with, Rule 6–5(b) and Arkansas Rule of Civil Procedure 53 (2019), as are necessary to determine the questions of fact contained in Counts II through IV of the original–action petition.

We further direct the special master to file his report with this court by July 1, 2020. In the discharge of his duties, the special master has the authority to address the parties' discovery motions. This court has routinely required parties to post a bond in original actions brought under amendment 7 when a master is appointed. *See Zook v. Martin*, 2018 Ark. 254 (per curiam). Respondent, as the State of Arkansas, is not subject to the payment of costs. *See id*. Petitioners and intervenors are both directed to file a bond to be approved by our clerk in the amount of $5,000 to secure payment for costs adjudged against them incurred in taking and transcribing proof, including the special master's fee.

We set the expedited briefing schedule as follows. For Count I, petitioners' brief is due on May 12, 2020; respondent's and intervenors' briefs are due on June 11, 2020; and petitioners' reply brief is due on June 26, 2020. For Counts II through IV, petitioners' brief is due on July 15, 2020; respondent's and intervenors' briefs are due on July 30, 2020; and petitioners' reply brief is due on August 7, 2020.

It is so ordered.