Cite as 2020 Ark. 277

# SUPREME COURT OF ARKANSAS

No. CV-20-136

|  |  |
|---|---|
| | **Opinion Delivered:** September 17, 2020 |
| ARKANSANS FOR HEALTHY EYES, A BALLOT QUESTION COMMITTEE; AND VICKI FARMER, INDIVIDUALLY AND ON BEHALF OF ARKANSANS FOR HEALTHY EYES | AN ORIGINAL ACTION (COUNT I) |
| PETITIONERS | |
| V. | |
| JOHN THURSTON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE | |
| RESPONDENT | |
| SAFE SURGERY ARKANSAS, A BALLOT QUESTION COMMITTEE; AND LAURIE BARBER, M.D., INDIVIDUALLY AND ON BEHALF OF SAFE SURGERY ARKANSAS | |
| INTERVENORS | |
| | PETITION DISMISSED AS MOOT IN PART. |

**ROBIN F. WYNNE, Associate Justice**

The Secretary of State certified a statewide referendum petition on Act 579 of 2019

for placement on the November 3, 2020 general-election ballot. Petitioners, Arkansans for

Healthy Eyes, a ballot-question committee, and Vicki Farmer, individually and on behalf of

Arkansans for Healthy Eyes, filed this original action challenging the proposed ballot

petition. Safe Surgery Arkansas, a ballot-question committee and the sponsor of the proposed ballot petition, and Laurie Barber, M.D., individually and on behalf of Safe Surgery Arkansas, intervened. In their complaint, petitioners allege that the proposed ballot petition's ballot title and popular name are invalid (Count I); Safe Surgery Arkansas' alleged fraud invalidates the petition (Count II); Safe Surgery Arkansas failed to comply with other mandatory paid-canvasser and petition requirements (Count III); and Safe Surgery Arkansas failed to submit the requisite number of signatures (Count IV). We bifurcated the proceedings between Count I and Counts II–IV. *Arkansans for Healthy Eyes v. Thurston*, 2020 Ark. 129.

In a companion case handed down today, we granted the petition in part, concluding that the proposed ballot petition was insufficient because Safe Surgery Arkansas failed to certify that its paid canvassers had passed criminal background checks. *Arkansans for Healthy Eyes v. Thurston*, 2020 Ark. 270 . Because we granted the petition in part on other grounds, any ruling on the issues in Count I would be advisory. This court generally does not issue opinions that are moot or advisory. *Miller v. Thurston*, 2020 Ark. 267, at 9, ___ S.W.3d ___, ___. We dismiss Count I as moot.

Petition dismissed as moot in part.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons stated in my dissent in *Miller v. Thurston*, 2020 Ark. 267, ___ S.W.3d ___ (Hart, J., dissenting).

*Kutak Rock LLP*, by: *Jess Askew III, Frederick H. Davis*, and *McKenzie L. Raub* (Little Rock); and *Dale W. Brown* (Fayetteville), for petitioners.

*Gary L. Sullivan*, Managing Attorney, Arkansas Secretary of State's Office, for respondent.

*Steel, Wright, Gray, PLLC*, by: *Ryan Owsley, Nate Steel*, and *Alex T. Gray*, for intervenors.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, amici curiae for League of Women Voters of Arkansas and Arkansas Voters First.